[No. 11053. Department One. — May 28, 1885.]

## GEORGE RUTLEDGE, PETITIONER, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY ET AL., RESPONDENTS.

APPEAL—NOTICE OF—SIGNATURE OF ATTORNEY.—The omission of the persons signing a notice of appeal from a judgment of a Justice's Court to designate themselves as attorneys for the appellant will not render the notice ineffectual if it is otherwise sufficient.

PETITION for a writ of prohibition to prohibit the Superior Court of Humboldt County, and the judge thereof, from proceeding to hear and determine an action entitled *Burns* v. *Rutledge*, on appeal from a Justice's Court. The further facts are stated in the opinion of the court.

*A. J. Monroe*, and *S. M. Buck*, for Petitioner.

*J. D. H. Chamberlin*, and *Frank McGowan*, for Respondents.

ROSS, J.—In an action brought in a Justice's Court entitled *Burns* v. *Rutledge*, judgment was entered for defendant for $10 damages, and $246.20 costs of suit. The plaintiff's attorney of record thereupon, and within statutory time, served upon the attorneys for the defendant, and filed with the justice a notice of appeal, in the usual form, stating that the plaintiff thereby appealed to the Superior Court of Humboldt County, "from the judgment made and entered in Justice's Court in said action, against plaintiff and in favor of said defendant, on the 26th day of August, 1884, and from the whole thereof; and you will further take notice that this appeal is made upon both questions of law and fact, and that a bond on appeal, in due form of law,

has been filed herewith.  September 22, 1884.  Very respectfully yours, [signed] J. D. H. CHAMBERLIN and FRANK McGOWAN."

The objection made to this notice is that the words "attorneys for plaintiff" did not follow the names of the gentlemen signing the notice.  None of the cases referred to by the counsel for petitioner at all sustain the point, and we think there is no merit whatever in it.  The notice was signed by the attorneys who appeared for the plaintiff in the case, and distinctly stated that the plaintiff thereby appealed from the judgment.  The notice was sufficient.

That the undertaking was sufficient to give the appellate court jurisdiction was distinctly held here in the case of *Ward* v. *Superior Court*, 58 Cal. 519.

Writ denied, and proceedings dismissed.

McKEE, J., and McKINSTRY, J., concurred.